(No. 25777.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOE PLACHNO, Plaintiff in Error.

*Opinion filed December 12, 1940.*

JAMES M. BURKE, for plaintiff in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was indicted, tried in the criminal court of Cook county without a jury, and convicted of the crime of burglary. On October 1, 1938, about 1:30 o'clock P.M., the home of the complaining witness was entered and a rug and floor mat were taken. At about that time, in an alley in the rear of the building occupied by the complaining witness and her husband, plaintiff in error's truck was standing with this rug and mat on it. It appears from the testimony of the complaining witness that she had left her home a short time before this burglary, leaving her doors locked and the windows closed. On her return she saw a man carrying a rug. On entering her home she found that a screen had been removed from one of the windows and entry had been made thereby; that the house had been

ransacked and the front door open. She saw a man leaving the premises. She ran after him and called and he started to run. Two neighbors, upon hearing her call, pursued the man and caught him and brought him back to the house. He was plaintiff in error and he admitted ownership of the truck and possession of the rug and mat. He stated that he had bought them from a man for $1.

The two neighbors who pursued and captured him testified. They stated that plaintiff in error said, when he was caught: "This woman just chased me; she said I stole her rug. I bought it from two boys in the alley—two little kids." Up to that time no one had mentioned the stolen rug. One of these witnesses testified that he also found a pair of gloves about ten feet from where plaintiff in error was caught, and gave them to complaining witness. The evidence is the gloves belonged to her husband and were taken from their home.

Plaintiff in error denied the charge of burglary and testified that at that time a man came out of the house into the alley where plaintiff in error's truck was standing, and asked him if he wanted to buy a rug. On receiving the reply that he did, this party went into the house and brought it out to him and he paid him $1 for it together with the floor mat; that he put it on his truck and started to walk to a gas station to get a wrench to remove a flat tire he had on the truck, and that when he was seen running he was not running away from complaining witness but was in a hurry to get to the gas station.

It is contended here that the finding of guilt by the court was contrary to the evidence and that the State's attorney erred in the conduct of the case. The latter complaint is that the State's attorney questioned plaintiff in error as to being on parole. The question was stricken by the court. Moreover, it was conceded on the trial that plaintiff in error was, on August 15, 1934, sentenced on a plea of guilty to

the Illinois Penitentiary at Joliet for burglary, and was later paroled.

It is argued that while there are circumstances tending to create a suspicion against plaintiff in error, yet guilt has not been proved beyond a reasonable doubt. He invokes a familiar rule of law concerning the necessity for proof beyond a reasonable doubt of the guilt of the accused. An examination of this record discloses that no reasonable doubt can be entertained. The proof is of such a character as to establish the guilt of plaintiff in error in full of the requirements of the law. Nor does the complaint of the conduct of the State's attorney have merit. The trial was before the court. The question complained of as to plaintiff in error's parole, if it could have been said to be prejudicial, could have resulted in no harm for the reasons that, first, objection was sustained to it; second, the trial was before the court and not before a jury, and, third, the facts of previous convictions for burglary were admitted on the trial. There is no error in this record and the judgment is affirmed.

*Judgment affirmed.*